**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA**              \*

                                                                   \*

  **v.**                                                                 **CRIM. NO. PX-16-444**

                                                                   \*

**JOSE AUGUSTIN SALMERON-LARIOS,**   \*

  **Defendant.**

## MEMORANDUM ORDER

Pending before the Court is defendant Jose Augustin Salmeron-Larios's motion for compassionate release. ECF No. 470. Mr. Salmeron-Larios asks that this Court reduce his sentence in light of the COVID-19 pandemic. *Id.* For the reasons set forth below, the motion is DENIED.

18 U.S.C. § 3582(c)(1)(A) permits a district court to modify a defendant's sentence for "extraordinary and compelling reasons" and taking into account "the factors set forth in section 3553(a) to the extent that they are applicable." Before a defendant may so move, he must first exhaust all administrative rights "to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Under the First Step Act, the Bureau of Prisons "is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at \*2 (D. Md. June 17, 2020). "Medical conditions which make a defendant uniquely susceptible to

complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Salmeron-Larios has not demonstrated that he has exhausted his administrative remedies by first seeking compassionate release from the Warden of the institution in which he is incarcerated. On this basis alone, his petition must be denied.

However, even if Salmeron-Larios had so exhausted, he has not submitted any evidence that he is especially vulnerable to the adverse effects of COVID-19. ECF No. 470. Nor does his Pre-Sentence Report document any comorbidities which would make Salmeron-Larios particularly at risk for severe outcomes. ECF No. 301. The presence of COVID-19 at his facility, although concerning, combined with general criticisms of the BOP's response, do not alone justify compassionate release. Nor has Salmeron-Larios addressed why reduction in his 260-month prison sentence for his participation in a gang-related attempted murder, where the victim had been shot in the face, meets the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582.

The Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED. The Clerk is DIRECTED to mail a copy of this Memorandum Order to Mr. Salmeron-Larios at FCI Cumberland.

Dated: March 12, 2021                                    /S/
                                                    Paula Xinis
                                                    United States District Judge